```
                                            U.S. DISTRICT COURT
                                            DISTRICT OF VERMONT
                                                  FILED
        UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF VERMONT         JUL 11  12 20 PM
                                                  CLERK
                                            BY _____
KEVIN HOLCOMB, Plaintiff        )                DEPUTY CLERK
                                )
v                               )
                                )   Civil Action
MARK LYKENS, SEAN SMITH,        )   File No.
JOANNE PERERIA, and JOHN        )
GORCZYK, Defendants             )   2:01-cv-225
```

## COMPLAINT

NOW COMES the plaintiff, Kevin Holcomb, by his attorney, David John Mullett, and complains against the above named defendants as follows:

### I. JURISDICTION

1. Plaintiff, Kevin Holcomb, is a resident of the Town of Barre, County of Washington, State of Vermont.

2. At all material times, Defendant Mark Lykens was a correctional services specialist (CSS) in the employment of the Vermont Department of Corrections (the "DOC"), and served as plaintiff's parole officer.

3. At all material times, defendant Sean Smith was in the employment of the DOC. Defendant Smith acted as the hearing officer who revoked plaintiff's extended furlough.

4. At all material times, defendant JoAnne Pereria was a superintendent and/or district manager in the employment of the

DOC. Defendant Pereria denied plaintiff's request for reconsideration of the revocation of plaintiff's extended furlough.

5. At all material times, defendant John Gorczyk was the Commissioner of Corrections for the State of Vermont. Defendant Gorczyk failed to take appropriate action in response to two letters from plaintiff requesting reconsideration of the furlough revocation, and failed to take appropriate action on plaintiff's grievance of the revocation of his furlough, which grievance was filed as a Form 3 grievance with defendant Gorczyk.

6. This action arises under the United States Constitution, particularly, but not limited to, the provisions of the Eighth and Fourteenth Amendments, and under federal law, particularly Title 42 of the United States Code, §§ 1983 and 1988.

7. This Court has jurisdiction of this cause under and by virtue of Title 28 of the United States Code, §§ 1331 and 1343.

8. Each and every act of defendants alleged herein was done by defendants, and each of them, under color of state law. Defendants are sued hereunder in their individual capacities.

## II. THE CLAIM

### A. FACTUAL BACKGROUND

9. Plaintiff is a person under the care and custody of the DOC.

AVID JOHN MULLETT
ATTORNEY AT LAW
138 Main Street
Carriage House

10. On or about March 23, 2000, plaintiff was the subject of, and attended, a parole hearing. Although parole was not granted at that time, the parole board informed plaintiff that he would be a good candidate for parole in another six months (September, 2000) if he did well while out on his upcoming furlough.

11. On or about March 24, 2000, plaintiff was released on furlough.

12. From about March 24, 2000 until April 18, 2000, plaintiff was on furlough status under the supervision of his parole officer, defendant Mark Lykens.

13. On April 18, 2000, plaintiff was under contract to start a temporary assignment working at the landfill in Moretown, Vermont that he obtained through Triad Temporary Services, Inc. Because plaintiff could not arrange for a ride home from Moretown for the end of the day, plaintiff contacted the employer at 8:30 a.m. that morning and made satisfactory arrangements to start employment the following day instead.

14. Plaintiff then spent the morning of April 18 looking for a permanent job; his activities that day included a morning trip to the Probation and Parole Office to let the office know of his change in plans for the day and to obtain information about job openings. Plaintiff also interviewed for employment with the Fulton Company

and applied for work in person at several other places. Plaintiff was offered and accepted a permanent job by the Fulton Company, to begin in three weeks.

15. Plaintiff was driven on these errands that morning by Dawn Boothe, a person authorized under the terms of plaintiff's extended furlough to drive plaintiff on errands to meetings.

16. During the day's errands, Dawn Boothe suffered an asthma attack and stopped briefly at her home in Barre to retrieve her inhaler. Plaintiff entered Boothe's home briefly to use the bathroom facilities while Boothe was locating her inhaler. Plaintiff and Boothe were at Boothe's home for approximately 5 minutes.

17. When Defendant Lykens learned that plaintiff had stopped at Boothe's home, which was not an authorized place for plaintiff to be, defendant Lykens summoned plaintiff to a meeting and told plaintiff that he would send plaintiff back to prison. Defendant Lykens then set in motion a process to revoke plaintiff's extended furlough, despite the fact that DOC Graduated Sanctions Manual and other policies (described below) require a different course of action on the part of defendant Lykens and others under these circumstances.

18. Later on April 18, 2000, plaintiff was returned to prison to await a

hearing on the revocation of his extended furlough.

19. The revocation hearing was held at the DOC on April 24, 2000. Defendant Smith, acting as hearing officer, revoked plaintiff's extended furlough, stating at the hearing, "I'm not going to use graduated sanctions."

20. On April 28, 2000, plaintiff applied to Superintendent/District Manager defendant JoAnne Pereria for a reconsideration of the revocation of furlough; defendant Pereria upheld the revocation by letter dated May 5, 2000.

21. By letters dated May 9, 2000 and May 11, 2000, plaintiff appealed to defendant John Gorczyk to overturn the furlough revocation. Defendant Gorczyk failed to respond or take appropriate action in response to these requests.

22. By Form 1 grievances dated June 20, 2000, and June 26, 2000, plaintiff asked the DOC to look into and remedy the matter. The grievances were denied.

23. On or about July 25, 2000, plaintiff appealed his grievances personally to defendant John Gorczyk via a Form 3 grievance. Defendant Gorczyk denied the appeal of the grievances on September 6, 2000.

24. On or about May 17, 2000, plaintiff had filed a habeas corpus

petition <u>pro se</u> in Orleans Superior Court (docket no. 130-5-00 Oscv), seeking release from custody on the grounds that the revocation of extended furlough was unlawful.

25. On information and belief, in September of 2000, the parole board reviewed plaintiff's eligibility for parole. Parole was not granted, and on information and belief, the fact that plaintiff's extended furlough had been revoked was the reason for the denial of parole.

26. On October 5, 2000, after 171 days of incarceration, plaintiff's habeas corpus petition was granted by Judge Howard E. VanBenthuysen; the order was filed with the Court clerk the next day.

27. Plaintiff was released from custody on October 6, 2000, after 172 days of unlawful incarceration.

### B. LEGAL CLAIM

28. Revocation of furlough by the DOC is governed by a document called the Graduated Sanctions Manual ("GSM") and by Directives 372.03 and 421.03, all of which contain mandatory language requiring the DOC to follow the procedures set forth therein.

29. The action of plaintiff described above (being out of place) constitutes a Level III rule violation under the GSM (the least serious level of violation), for which there are specific procedures regarding

the appropriate sanction. Sanction for a Level III violation cannot be incarceration under the GSM.

30. Rather than follow the mandatory procedures for a Level III violation, Defendant Lykens knowingly, intentionally, and maliciously told plaintiff he was going back to prison, wrote an affidavit describing the rule infraction, and had plaintiff returned to Northern State Correctional Facility to await action on defendant Lykens' furlough revocation request.

31. The hearing was presided over by DOC employee defendant Smith. Defendant Smith knowingly, intentionally, and maliciously revoked plaintiff's furlough in violation of the Graduated Sanctions Manual, stating that he was "not going to use graduated sanctions."

32. Revocation of furlough (i.e., incarceration ) is not an available sanction for a Level II rule violation as committed by plaintiff under the GSM and other applicable guidelines.

33. Defendant Pereria acting knowingly, intentionally, and maliciously when she ignored plaintiff's request for reconsideration, making personal accusations towards plaintiff and telling plaintiff, "there is no appeal of furlough revocation process. Therefore, at this time your request is denied," thereby ignoring the substance of the GSM and of plaintiff's obviously meritorious claim.

34. Defendant Gorczyk acted knowingly, intentionally, and maliciously when he ignored plaintiff's letters and replied to his Form 3 grievance with personal accusations, ignoring the substance of the GSM and plaintiff's obviously meritorious claim.

### C. DAMAGES

35. Due to the actions and omissions of defendants, plaintiffs Eighth and Fourteenth Amendment rights under the United States Constitution were abridged.

36. Due to the actions and omissions of defendants, plaintiff has suffered damages and losses, including without limitation, loss of freedom, loss of personal property, loss of wages and earnings, loss of a parole opportunity, denial of timely and appropriate medical (dental) care, emotional distress, and out of pocket costs (including commissary costs, storage fees, long distance telephone charges, rent and security deposit forfeited, and other out of pocket costs).

37. Plaintiff has incurred and will continue to incur attorney fees and costs in connection with the instant civil rights action, for which he is entitled to reimbursement from defendants under 42 U.S.C. § 1988 and any other applicable provisions of law.

### III. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the Honorable Court to grant him the following relief:

A. That the Court take jurisdiction of this matter.

B. That the Court grant compensatory damages to the plaintiff in an appropriate amount.

C. That the Court grant such exemplary damages as may be just.

D. That the Court award plaintiff his costs and attorney fees pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

E. That the Court grant plaintiff other relief that the Court deems just.

Dated at Montpelier, Vermont this 5th day of July, 2001.

KEVIN HOLCOMB

By: _____
David John Mullett
P.O. Box 127
Montpelier, Vermont 05601-0127
(802) 223-3080